Sedgwick, Ch. J.
If it were not for section 401 Code Civ. Pro., the limitation of the time of enforcing civil remedies, would be applied to all defendants irrespective of their being in or out of the state, residents *275 or non-residents, at the time of the accruing of the action or during the limited time.
- Upon provisions similar to section 401, it was held, that foreign corporations could not avail themselves of the statute of limitations, because such provisions applied to corporations as well as natural persons, and a foreign corporation was always without the State Olcott v. Tioga R. R., 20 N. Y, 210.
Section 414 declares that the provisions of chapter 4 shall apply, except in a case where a different limitation is specially prescribed by law. If this were all inasmuch as the present case is under section 1902, which prescribes a special limitation of two years, it would seem to be clear that the provision of section 401 does not apply to the case, and the plaintiff is not authorized to commence the action at any time after the time specially limited therefor, has passed.
The only doubt, however, that occurs to me would be, if at all, created by the question whether the words the “provisions of this chapter” were not so limited by its connection as not to refer to all the provisions in the widest sense, but to refer to the times specifically declared within which actions might be begun, e. g., 20 years for ejectment, 6 years for contracts not under seal, &c. The words are, “The provisions of this chapter apply and constitute the only rules of limitations applicable to a civil-action,” &c. A scrutiny of section 401, shows that the enlargement of the time given by it, upon the conditions it names is in an exact sense a limitation of time and is a rule of limitation, as also are the specific terms before named in the chapter.
The demurrer should be overruled, with judgment for defendant.